■ In the Matter of NEW YORK STATE CONFERENCE OF BLUE CROSS AND BLUE SHIELD PLANS et al., Respondents, v EDWARD J. MUHL, as Superintendent of Insurance of the State of New York, et al., Appellants. [687 NYS2d 797] —Graffeo, J. Appeal from an amended judgment of the Supreme Court (Torraca, J.), entered April 7, 1998 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Superintendent of Insurance establishing, *inter alia*, the 1996-1997 policy year excess medical malpractice insurance premium rates as set forth in 11 NYCRR 70.18 (d).

This appeal, involving the same parties* and based on similar facts, brings up for review issues comparable to those recently decided by this Court in *Matter of New York State Conference of Blue Cross & Blue Shield Plans v Muhl* (253 AD2d 158). In that case, petitioners sought, *inter alia*, to annul the 1995-1996 excess medical malpractice insurance premium rate determination of respondent Superintendent of Insurance.

---

* Although this proceeding involves the same parties as the prior proceeding, additional insurance and hospital entities have been named as respondents.

This proceeding seeks identical relief for the 1996-1997 rate year.

The history of the Hospital Liability Excess Pool (hereinafter the Pool) and the legislative enactments pertaining to the provision of excess medical malpractice coverage for hospital-affiliated physicians and dentists is summarized in our prior decision. After the excess medical malpractice insurance program was renewed by the Legislature for the 1996-1997 policy year (*see*, L 1996, ch 253, § 10; ch 639, § 128), petitioners urged the Superintendent not to impose a new excess premium rate for that policy year due to the magnitude of accumulated funds in the Pool. The request was refused and, thereafter, the Superintendent promulgated a regulation which established the excess medical malpractice insurance premium rate at 21.5% of the premium rate for primary coverage established for respondent Medical Malpractice Insurance Association, which prompted this proceeding. Supreme Court granted the petition and annulled the Superintendent's excess premium rate determination, finding it to be to be arbitrary and capricious. This appeal ensued.

Petitioners again assert that the Superintendent failed to adhere to various statutory standards set forth in the Insurance Law (Insurance Law §§ 2303, 2304 [a]; § 2305 [b]; § 5505 [a], [b]) in promulgating the 1996-1997 excess premium rate. In addition to their arguments which parallel those in the prior case, petitioners contend that the Superintendent acknowledged that the Pool was over-funded when he made certain public pronouncements regarding the availability of $481 million in surplus, which moneys were eventually "loaned" to the State (*see*, L 1996, ch 309, §§ 270, 469 [10]). Hence, petitioners argue that the 1996-1997 rate setting lacked a rational basis because the Superintendent established the excess premium rate without appropriate consideration of the accumulated surplus.

Upon review of the entire record, we find no significant difference in petitioners' arguments which would convince us to deviate from our previous determination. Petitioners' assertion that the Superintendent merely adopted "boiler plate language" in crafting the rate-setting regulation is unavailing, particularly in light of the 18% reduction in the rate from the previous year. Based on the foregoing, and for the reasons set forth in our prior decision (*see*, *Matter of New York State Conference of Blue Cross & Blue Shield Plans v Muhl, supra*), we conclude that the Superintendent's 1996-1997 excess premium rate determination was not arbitrary or capricious and, therefore, Supreme Court's amended judgment must be reversed.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the amended judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.